IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SAID MOBIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 115-011 |
| ) | |
| SOHAILA MOBIN; J. DAVID ROPER, ) | |
| Judge, Superior Court of Columbia County; ) | |
| and JOHN R.B. LONG, Attorney, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a pre-trial detainee at the Columbia County Detention Center, in Appling, Georgia, has submitted a complaint for filing and seeks to proceed *in forma pauperis* ("IFP"). In an Order dated January 26, 2015, the Court explained that upon review of Plaintiff's filings, it was unclear whether he is attempting to assert a claim pursuant to 42 U.S.C. § 1983, or is attempting to petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. (See doc. no. 3.) The Court also explained that because it was unclear whether Plaintiff intends to proceed with a habeas corpus case or § 1983 civil rights case, it was also unclear whether Plaintiff, through his IFP motion (doc. no. 2), was contending he cannot pay the $5.00 habeas corpus filing fee or the $350.00 filing fee for an IFP civil rights complaint. Thus, the Court afforded Plaintiff fourteen days to inform the Court by a written filing whether he intends to proceed with a § 1983 complaint or a § 2241 habeas petition. The Court cautioned Plaintiff that failure to comply with the terms of the Order could result in a recommendation that this case be dismissed.

Instead of responding as instructed in the January 26th Order, Plaintiff filed a motion for appointment of counsel. (Doc. no. 4.) In denying that motion, the Court explained that even though Plaintiff had not stated, as directed, what type of relief he seeks in this lawsuit, it was clear that whether he seeks relief under § 1983 or under § 2241, he is not entitled to appointment of counsel. (See doc. no. 5 (citing cases for proposition that there is no right to appointed counsel in federal civil rights or habeas corpus case).) The Court also explained to Plaintiff that he could not pursue relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2241 in the same case, and gave Plaintiff an additional extension of time to inform the Court which type of relief he seeks. (See id. at 2-3.) The Court also again warned Plaintiff that failure to follow the Court's instructions would result in a recommendation for dismissal of this case. (Id. at 3.)

However, Plaintiff chose to again disregard the Court's order and respond with another request for appointment of counsel. (See doc. no. 6.) Nothing in Plaintiff's latest filing changes the Court's previous analysis that Plaintiff is not entitled to appointment of counsel, and therefore the Court again **DENIES** the request. Problematically, however, Plaintiff's filing also shows an obstinate refusal to follow the Court's orders, a practice which leaves the Court faced with the prospect of a stagnant case that cannot move forward.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules

of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the Court twice ordered Plaintiff to make a selection as to whether he sought relief under § 1983 or § 2241, and the Court told Plaintiff he could not seek relief under both statutes in the same case. (Doc. nos. 3, 5.) The Court also explained to Plaintiff the difference between a § 1983 civil rights case and a habeas corpus case filed pursuant to § 2241. (Doc. no. 3, pp. 1-2.) Furthermore, the Court twice warned Plaintiff that failing to make an election as to the type of case he intends to pursue would result in a recommendation for dismissal of this case without prejudice. (See id. at 2; doc. no. 5, p. 3.) Plaintiff refuses to make the required selection as to the type of case he intends to pursue.

Plaintiff's failure to comply with the terms of the Court's Orders amounts not only to a failure to prosecute, but also an abandonment of his case. This Court will not allow a case to languish on its docket because a litigant fails to comply with the most basic instructions for informing the Court what type of case he intends to pursue. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005); Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, as noted above, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed IFP be **DENIED** as **MOOT** (doc. no. 2) and that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 24th day of February, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

4